IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ISAIAH THOMAS MARKERT,          )
                  Plaintiff          )          C.A. No.  22-273 Erie
        v.          )
                                   )          District Judge Susan Paradise Baxter
OIL CITY YMCA.          )
            Defendant.          )

**MEMORANDUM OPINION**

**I.          INTRODUCTION**

    **A.          Relevant Procedural History**

Plaintiff Isaiah Thomas Markert brings this *pro se* action against Defendant Oil City YMCA (more correctly identified as The Scenic Rivers Young Men's Christian Association d/b/a Oil City YMCA), alleging that Defendant discriminated against him based on his Sexual orientation, race, and disability, in violation of his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and the Americans with Disabilities Act ("ADA"), 42 U.S.C.  §12133, *et seq.*

Defendant has filed a partial motion to dismiss Plaintiff's complaint, seeking to dismiss Plaintiff's Title VII claims of discrimination based on his sexual orientation and race based upon his failure to exhaust administrative remedies. [ECF No. 8]. Despite having been given ample time to respond, Plaintiff has failed to file a brief in opposition to Defendant's motion. This matter is now ripe for consideration.

    **B.          Relevant Factual History**

Prior to filing this action, Plaintiff filed a Charge of Discrimination with the EEOC on or

about August 11, 2022 [ECF No. 8-2], in which he alleges the following:

> I was hired by [Defendant] on August 2021 and held the position of Front Desk/Membership Associate. On or around February 2022, I requested an accommodation that would help me perform the essential functions of my position. I was denied a very simple accommodation that would have allowed me to enjoy continued employment with [Defendants]. However, on February 21, 2022, I was terminated…. [Defendant] stated that the reason for my termination was that I would let people in for free…. I believe I have been discriminated against and terminated in violation of the Americans with Disabilities Act of 1967 …. In that, I belong to a protected class (record of disability); I notified [Defendant] of my disability and need for accommodation; The accommodation that I requested was for my Supervisor (Michelle Murry) to write a more in-depth outline of my job duties to perform the essential functions of my job; [Defendant] failed to provide the effective accommodation; and [Defendant] has not shown that it would be an undue hardship to provide the accommodation.

The EEOC issued a Determination and Notice of Rights (i.e., a right-to-sue letter) on August

17, 2022. [ECF No. 4-1]. This lawsuit followed.

II.     **DISCUSSION**

Under Title VII, a claimant must first exhaust his administrative remedies by filing a

timely charge of discrimination with the EEOC, or equivalent state administrative agency,

before filing suit in federal court. See Barzanty v. Verizon PA, Inc., 361 Fed. Appx. 411, 413

(3d Cir. 2010) (citing Title VII, 42 U.S.C. §§ 2000e-5b, €(1), (f)(1)). Failure to exhaust

administrative remedies is akin to a failure to comply with a statute of limitations. Robinson v.

Dalton, 107 F.3d 1018, 1021 (3d Cir.1997). Administrative remedies are designed to ensure that

an agency gets the first opportunity to resolve a discrimination charge, while leaving the

claimant with a federal court remedy if the agency sits on the claim or ultimately denies relief.

To determine whether a plaintiff has exhausted his administrative remedies, the court

must decide "'whether the acts alleged in the subsequent [judicial complaint] are fairly within

the scope of the prior [administrative charge], or the investigation arising therefrom.'" <u>Kopko v.</u>

<u>Lehigh Valley Health Network</u>, 776 Fed. Appx. 768, 773 (3d Cir. 2019), <u>quoting</u> <u>Antol v. Perry</u>,

82 F.3d 1291, 1295 (3d Cir. 1996). The Third Circuit has held that "'the parameters of the civil

action in the district court are defined by the scope of the EEOC investigation which can

reasonably be expected to grow out of the charge of discrimination.'" <u>Webb v. City of</u>

<u>Phila.,</u> 562 F.3d 256, 263 (3d Cir.2009), <u>quoting</u> <u>Ostapowicz v. Johnson Bronze Co.</u>, 541 F.2d

394, 398-99 (3d Cir. 1976). "The legal analysis turns on whether the allegations in the judicial

complaint are reasonably related to those in the administrative charge." <u>Kopko</u>, 776 Fed. Appx.

at 773, <u>citing</u> <u>Hicks v. ABT Assocs., Inc.</u>, 572 F.2d 960, 967 (3d Cir. 1978) (suggesting that the

analysis asks whether there is a "close nexus between the facts" in the administrative charge and

those in the judicial complaint).

　　　Here, Plaintiff's complaint alleges that his supervisor told him he "couldn't talk about

me being gay, or even bring it up, because it doesn't fall in line with the YMCA values…."

(ECF No. 4, at ¶ 11). In addition, the complaint alleges that Plaintiff was "punished more

harshly than his co-workers[,] [w]hich I believe had to do with my race," and that he was fired

for actions that were "as severe as [others]" who weren't fired, allegedly due, in part, to his

being "the only African-American working [there] at the time." (<u>Id</u>. at ¶ 13). None of these

allegations are contained in Plaintiff's EEOC charge, nor does the charge assert any claims of

discrimination based upon Plaintiff's sexual orientation or race. Thus, any such claims of

discrimination that may be gleaned from the foregoing allegations of the complaint are not

"reasonably related to those in the administrative charge" and will be dismissed for Plaintiff's

failure to exhaust his administrative remedies.

　　　An appropriate Order follows.