IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISAIAH THOMAS MARKERT,<br>　　　　Plaintiff<br>　v.<br>OIL CITY YMCA,<br>　　　　Defendant. | C.A. No. 22-273 Erie<br><br>District Judge Susan Paradise Baxter |

**MEMORANDUM OPINION**

## I.　INTRODUCTION

### A.　Relevant Procedural History

Plaintiff initiated this action by filing a motion to proceed *in forma pauperis* ("ifp motion") with an attached *pro se* complaint on September 21, 2022 [ECF No. 1]. Plaintiff's ifp motion was granted by Order dated January 10, 2023, and the complaint was formally docketed on that date [ECF Nos. 3, 4]. On May 5, 2023, Defendant filed a partial motion to dismiss [ECF No. 8]. Plaintiff was ordered to file a response to Defendant's motion by May 30, 2023; however, Plaintiff never filed a response. So, by Order dated November 3, 2023, the Court granted Defendant's unopposed partial motion to dismiss [ECF No. 15].

After granting Defendant's partial motion to dismiss, the Court ordered a telephonic status conference to be conducted on November 15, 2023, and notice of the conference was provided to both parties. Nonetheless, Plaintiff failed to appear for the status conference, at which Defendant's counsel appeared and notified the Court that he had attempted to contact Plaintiff on numerous occasions by both phone and email, but never received a response from Plaintiff. As a result, the Court informed Defendant's counsel that, in light of Plaintiff's

1

continued lack of participation in this case, the Court would entertain a motion to dismiss for Plaintiff's failure to prosecute.

Defendant followed up the next day by filing a motion to dismiss for failure to prosecute [ECF No. 19]. The Court issued an Order requiring Plaintiff to file a response to Defendant's motion by December 7, 2023 [ECF No. 20]; however, no response has ever been received from Plaintiff.

**B.** **Discussion**

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

In this case, for the past several months, Plaintiff has taken none of the necessary steps to prosecute this case against Defendant. He failed to respond to Defendant's partial motion to dismiss, has failed to respond to Defendant's repeated attempts to contact him, has failed to appear at a scheduled telephonic hearing, and has failed to comply with multiple Orders of this Court. Alternative sanctions, such as monetary penalties, are deemed inappropriate. Thus, this case will be dismissed due to Plaintiff's failure to prosecute.

An appropriate Order follows.